Filed 10/20/23  P. v. Zamora CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDWIN ZAMORA,<br><br>Defendant and Appellant. | B326059<br><br>(Los Angeles County<br>Super. Ct. No. TA118561) |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Herbert S. Tetef and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Edwin Zamora appeals from the denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95). Former section 1170.95 was renumbered and recodified as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) For clarity, we refer to former section 1170.95 only by its new designation (§ 1172.6).

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant, along with three accomplices, was convicted by a jury of two counts of attempted murder arising from two separate gang-related attacks, on one victim by stabbing, and on the other by shooting. As to count 1 (the shooting incident), the jury found true the allegation the attempted murder was committed willfully, deliberately and with premeditation. Gang, deadly weapon and great bodily injury allegations were also found true. Defendant was sentenced to an aggregate sentence of 43 years to life. (*People v. Virto* (Oct. 21, 2016, B243201) [nonpub. opn.].)

Defendant, who was 17 at the time the crimes were committed, filed a petition for review with the Supreme Court following this court's initial decision in 2015 affirming his conviction. The Supreme Court granted review and deferred further consideration pending its resolution of a juvenile sentencing issue in another case. After issuance of its decision in *People v. Franklin* (2016) 63 Cal.4th 261, 283–284, the Supreme Court transferred the case to us with directions to vacate our original decision and reconsider the cause in light of *Franklin*. After doing so, we again affirmed defendant's conviction, as well as the convictions of his codefendants. (*People v. Virto, supra*, B243201.)

2

Following the passage of Senate Bill 1437 (2017–2018 Reg. Sess.) and Senate Bill 775 (2021–2022 Reg. Sess.), defendant filed, in propria persona, a petition for resentencing pursuant to section 1172.6. Defendant alleged he was convicted of attempted murder under a theory of felony murder, the natural and probable consequences doctrine or another theory in which malice was imputed to him, and that he could no longer be convicted under the amended murder statutes. He sought appointment of counsel.

The petition was assigned to the Honorable Laura Walton, the judge who had presided over defendant's 2012 trial. The court found the petition was facially sufficient and appointed defendant counsel. The court set an "order to show cause re: prima facie basis" for March 11, 2022. The People filed opposition, and defendant, through appointed counsel, filed a reply. The People also filed a supplemental opposition with a copy of the 2012 trial transcript of the court instructing the jury.

After several continuances, the hearing was held on November 22, 2022. Defendant waived his right to be personally present and was represented by counsel. The court said it had reviewed the parties' briefs and entertained argument from counsel. The court denied defendant's petition and concluded no evidentiary hearing was necessary because defendant was convicted under a direct aiding and abetting theory that remained valid under current law. The court explained that no theory of imputed malice was presented to the jury which, based on the jury instructions given, necessarily found defendant acted with intent to kill.

This appeal followed. We granted defendant's motion to augment the record with the appellate record from defendant's direct appeal in *People v. Virto, supra,* B243201.

3

## DISCUSSION

Defendant contends the trial court improperly failed to conduct an evidentiary hearing after scheduling an order to show cause and the People failed to present substantial evidence of his guilt as a direct aider and abettor under current law. Defendant also contends remand for an evidentiary hearing is warranted because the jury instructions were ambiguous and allowed the jury to convict him of attempted murder on a theory of implied or imputed malice.

We reject all of defendant's contentions and conclude the record of conviction conclusively establishes defendant's ineligibility for sentencing relief and therefore affirm the trial court's denial of his petition. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101 [appellate court reviews de novo the denial of a resentencing petition at the prima facie stage].)

### 1. There Were No Procedural Irregularities.

Defendant faults the trial court for declining to conduct an evidentiary hearing "even after issuance of an OSC" and of improperly relying on its own recollection of the trial instead of requiring the People to present admissible evidence that demonstrated his guilt as an aider and abettor under current law.

The court complied with the requirements of section 1172.6, subdivision (c) which states, in relevant part, that "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."

Here, the court, after receiving defendant's petition, found it to be facially valid and appointed him counsel as he requested.

4

The parties then submitted briefs and the court scheduled a hearing to determine whether defendant had made a prima facie showing.  The minute order described the hearing as "an order to show cause re: prima facie basis."

The November 22, 2022 hearing was held so the court could assess defendant's prima facie showing—it was not an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).  At the hearing, the court acknowledged it had reviewed the parties' written briefs, which included the People's submission of the instructions to the jury during the 2012 trial. The court acknowledged its role as the trial judge and explained its recollection, consistent with the jury instructions, that the jury had not been instructed on any theory of imputed malice and the prosecutor had proceeded solely on a theory of direct aiding and abetting.  The court said the jury could only have found defendant guilty of attempted murder by finding he had acted with intent to kill.  On that basis, the court denied defendant's request for an evidentiary hearing.

The trial court's role at the prima facie stage is limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  Nevertheless, *Lewis* held that the trial court's review may include consideration of the record of conviction from which a finding of ineligibility may be made as a matter of law.  " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*Ibid*.; accord, *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [court may deny a petition at the prima facie stage if the petitioner is ineligible for relief as a matter of law].)

5

## 2. The Jury Instructions and Verdict Support the Trial Court's Denial of Defendant's Petition.

The Legislature, in passing Senate Bill 1437, amended Penal Code sections 188 and 189 " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

Defendant is not entitled to sentencing relief because the jury instructions and verdict demonstrate that he was convicted under a theory that remains valid under current law as amended by Senate Bill 1437, i.e., direct aiding and abetting with the intent to kill.

Defendant concedes the People proceeded only on a theory of direct aiding and abetting, and that the jury was not instructed with felony murder, the natural and probable consequences doctrine or any other theory that rests liability on imputed malice. He says however, citing *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), that the jury instructions were ambiguous and allowed the jury to convict him as an aider and abettor without necessarily finding the requisite level of malice now required under the amended murder statutes. The contention is without merit.

*Langi* has no applicability here. *Langi* concluded that "the standard aiding-and-abetting instructions are ill suited to the crime of *second degree murder*" (*Langi, supra*, 73 Cal.App.5th at p. 982, italics added) and a killing by one who acted with a conscious disregard for life. *Langi* said that if a trial court uses the standard instruction without modifying it to fit the specifics of second degree murder, "the instruction creates an ambiguity under which the jury may find the defendant guilty of aiding and

6

abetting second degree murder without finding that he personally acted with malice." (*Ibid*.) *Langi* says nothing about the instruction being infirm for premeditated attempted murder.

The jury here was told that it "must separately consider the evidence as it applies to each defendant. You must decide each charge for each defendant separately." (CALCRIM No. 203.)

Defendant was charged with two counts of attempted premeditated murder. He and his three accomplices were found guilty on both counts.

The jury was instructed that to find defendant guilty of attempted murder, "the People had to prove that: [¶] 1. The defendant took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. The *defendant intended to kill* that person." (CALCRIM No. 600, italics added.)

The jury was instructed with the principles of direct aiding and abetting liability, including that: "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime." (CALCRIM No. 401.)

The jury was told that "[s]omeone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage or instigate the perpetrators' commission of that crime." (CALCRIM No. 401.)

CALCRIM No. 601 told the jury that if they found defendant guilty of attempted murder, then it would have to

7

decide the additional allegation of whether the attempted murder was premeditated.  The instruction explains, in relevant part, that the "defendant acted willfully if he intended to kill when he acted.  The defendant deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill.  The defendant premeditated if he decided to kill before acting." (*Ibid*.)  The premeditation allegation was found true as to count 1.

The jury instructions and verdict unequivocally demonstrate defendant was found guilty of participating in both attempted murders with the intent to kill and not on any theory of implied or imputed malice.  Defendant is therefore ineligible, as a matter of law, for sentencing relief under section 1172.6 and the trial court did not err in so finding and declining to conduct an evidentiary hearing.

To the extent defendant appears to reargue there was insufficient evidence presented at his 2012 trial to establish his guilt as an aider and abettor (an issue already rejected in defendant's direct appeal), that issue is not before us.

## DISPOSITION

The order denying defendant and appellant Edwin Zamora's petition for resentencing is affirmed.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.        WILEY, J.

8